1   MICHAEL BARNES (State Bar No. 121314)
    SONIA MARTIN (State Bar No. 191148)
2   CHRISTOPHER WINDLE (State Bar No. 141123)
    SONNENSCHEIN NATH & ROSENTHAL LLP
3   2121 N. California Blvd., Suite 800
    Walnut Creek, California 94596
4   Telephone: (925) 949-2600
    Facsimile: (925) 949-2610
5   Email:    mbarnes@sonnenschein.com
              smartin@sonnenschein.com
6             cwindle@sonnenschein.com

7   Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY
8

9

                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                 SAN FRANCISCO/OAKLAND DIVISION
12

13
    WILLIAM POLAND and LYNN          No. CV 08 1992
14  POLAND, WILLIAM F. and LYNN E.
    POLAND 1994 TRUST               NOTICE OF REMOVAL OF A CIVIL
15                                  ACTION
          Plaintiffs,
16
          vs.
17
    ALLSTATE INSURANCE COMPANY,
18  and DOES 1 to 25,

19        Defendant.

20

21

22      TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

23  NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR

24  ATTORNEYS OF RECORD:

25      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. section 1441(a), defendant Allstate

26  Insurance Company hereby removes to this Court the action described herein and respectfully

27  submits the following statement of grounds for removal:

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

THE SUPERIOR COURT ACTION

1.    On December 19, 2007, an action was commenced in the Superior Court of the State of California for the County of Contra Costa, entitled "*William and Lynn Poland v. Allstate Insurance Company*," Case No. MSC07-02802 (the "Superior Court Action").

2.    In the Superior Court Action, plaintiffs seek damages on account of Allstate's denial of coverage for a loss stemming from damage to their property located at Carnelian Bay, California. (Complaint ("Compl."), p. 3.)  Specifically, plaintiffs contend their home suffered water damage as the result of a burst water pipe.

3.    Allstate insured plaintiffs on the date of loss under a Deluxe Homeowners Policy (the "Policy"). (Compl., p. 5.)  According to the complaint, Allstate denied coverage for the loss and allegedly failed to inform plaintiffs of policy exclusions affecting coverage for water and mold damage. (Compl., p. 3.)  Plaintiffs allege they incurred $100,000 in cleanup, repair and other damages, which Allstate has allegedly failed to reimburse. (*Id.*)  Plaintiffs sue Allstate for breach of contract, general negligence and intentional tort.

SERVICE

4.    Allstate is informed and believes that the Summons and Complaint in the Superior Court Action were served on Allstate on or about March 19, 2008 by service on the CT Corporation.  Attached hereto as Exhibit A are true and correct copies of the Complaint and Answer which, Allstate believes constitute all pleadings on file in the Superior Court Action.

JURISDICTION

5.    Plaintiffs were, at the time of filing of the Superior Court Action, now are, and at all relevant times have been, citizens and residents of the State of California. (Compl.. p. 3.)  Defendant Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal places of business in the city of Northbrook, Illinois.

6.    Plaintiffs and Allstate, accordingly, are citizens and residents of different states.

///

///

Case No. _____                                                    NOTICE OF REMOVAL

1

AMOUNT IN CONTROVERSY

2        7.    Plaintiffs have sued Allstate for breach of contract, general negligence and bad

3   faith.  The breach of contract cause of action asserts that "[p]laintiffs suffered damages legally

4   (proximately) caused by defendant's breach of the agreement as follows: [a]pproximately

5   $100,000 in cleanup, repair and other damages which have not been reimbursed by defendant

6   Allstate pursuant to its insurance policy with Plaintiffs." (Comp., p. 3.)

7        8.    In addition, plaintiffs seek attorneys' fees and interest.  (Compl., p. 2.)  Attorneys'

8   fees incurred to compel payment of insurance policy benefits withheld in bad faith are also

9   recoverable as damages, and are also part of the amount in controversy.  *Brandt v. Superior*

10  *Court*, 37 Cal. 3d 813, 815 (1985).  Accordingly, plaintiffs seek to recover damages in excess of

11  seventy-five thousand dollars ($75,000).

12       9.    The Superior Court Action is a civil action of which this Court has original

13  jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and Allstate are citizens of different

14  states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15       10.   The case is therefore one that Allstate may remove to this Court pursuant to 28

16  U.S.C. sections 1441 and 1446.  The removal is effected less than thirty days after service of the

17  Complaint in the Superior Court Action, in accordance with 28 U.S.C. section 1446(b).

18

19  Dated: April 15, 2008                    SONNENSCHEIN NATH & ROSENTHAL LLP

20

21                                           By _____
                                                        SONIA MARTIN
22

23                                           Attorneys for Defendant
                                             ALLSTATE INSURANCE COMPANY
24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

-3-

Case No. _____                                          NOTICE OF REMOVAL

EXHIBIT A

03/20/2008  11:22   9096126806                 ALLSTATE ECL                    PAGE  04/11

3/19/08 →→ 2PM

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO):
Allstate Ins. Co. and Does 1-25

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
William and Lynn Poland, William F. and Lynn E. Poland 1994 Trust

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

08 DEC 19 A 10 43

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/español), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/español) o poniéndose en contacto con la corte o el colegio de abogados locales.

| The name and address of the court is:<br>(El nombre y dirección de la corte es:)<br>Superior Court of Contra Costa County<br>725 Court Street<br>Martinez, CA 94553 | CASE NUMBER:<br>(Número del Caso):<br>C 0 7 - 0 2 5 0 2 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)
Russell J. Brubaker, 37 Pacheco St., #5, San Rafael, CA 94901 (415) 785-8737

DEC 1 9 2007

| DATE:<br>(Fecha) | Clerk, by       S. HARBRECHT | , Deputy |
|---|---|---|
| | (Secretario) | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Allstate Ins. Co.

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

03/20/2008  11:22    9096126886                ALLSTATE EC.                        PAGE  05/11

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> ─Russell J. Brubaker, Esq. <br> 37 Pacheco St., #5 <br> San Rafael, CA 94901 <br> TELEPHONE NO. (415) 785-8737    FAX NO. (415) 785-8737 <br> ATTORNEY FOR *(Name):* Plaintiffs Wm and Lynn Poland, and Trust | FOR COURT USE ONLY <br><br> ☠ DEC 19 A 0 82 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Contra Costa
STREET ADDRESS:  725 Court Street
MAILING ADDRESS:  725 Court Street
CITY AND ZIP CODE:  Martinez, CA 94553
BRANCH NAME:  Unlimited Jurisdiction

CASE NAME:
William and Lynn Poland, et al. v. Allstate Ins. Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER |
|---|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter | ☐ Joinder <br> Filed with first appearance by defendant <br> *(Cal. Rules of Court, rule 3.402)* | C  07 - 02802 |
| | | | | JUDGE |
| | | | | DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1  Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☑ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
*(Cal. Rules of Court, rules 3.400-3.403)*
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2  This case ☐ is  ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management.
  a ☐ Large number of separately represented parties
  b ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c ☐ Substantial amount of documentary evidence
  d ☐ Large number of witnesses
  e ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f ☐ Substantial postjudgment judicial supervision

3  Remedies sought *(check all that apply):* a ☑ monetary  b ☐ nonmonetary; declaratory or injunctive relief  c ☑ punitive
4  Number of causes of action *(specify):*
5  This case ☐ is  ☑ is not  a class action suit.
6  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2007
Russell J. Brubaker, Esq.
─────────────────────────            ─────────────────────────
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov

03/20/2008  11:22   9896126806          ALLSTATE EOL          PAGE  06/11

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers.  If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed.  You must complete items 1 through 6 on the sheet.  In item 1, you must check one box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one.  If the case has multiple causes of action, check the box that best indicates the primary cause of action.  To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper.  Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases.  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following. (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740

To Parties in Complex Cases.  In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach—Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]          CIVIL CASE COVER SHEET          Page 2 of 2

FILED

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Russell J. Brubeker, Esq.
37 Pacheco St., #5
San Rafael, CA 94901

| TELEPHONE NO | (415) 785-8737 | FAX NO. (Optional) | (415) 785-8737 |

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs Wm and Lynn Poland, and Trust

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Unlimited Jurisdiction

PLAINTIFF: William and Lynn Poland, William F. and Lynn E. Poland 1994 Trust

DEFENDANT: Allstate Ins. Co.

[✓] DOES 1 TO 25

| CONTRACT | |
| [✓] COMPLAINT | [ ] AMENDED COMPLAINT (Number): |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT (Number): |

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

FOR COURT USE ONLY

SUMMONS ISSUED

CASE NUMBER

C7 - 02302

BY FAX

1. Plaintiff (name or names):
   William and Lynn Poland, William F. and Lynn E. Poland 1994 Trust
   alleges causes of action against defendant* (name or names):
   Allstate Ins. Co.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 6

3. a. Each plaintiff named above is a competent adult
      [✓] except plaintiff (name):
          (1) [ ] a corporation qualified to do business in California
          (2) [ ] an unincorporated entity (describe):
          (3) [✓] other (specify):
              William F. and Lynn E. Poland 1994 Trust
   b. [ ] Plaintiff (name):
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

      b. [ ] has complied with all licensing requirements as a licensed (specify):
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [✓] except defendant (name): Allstate Ins. Co.        [ ] except defendant (name):
          (1) [ ] a business organization, form unknown        (1) [ ] a business organization, form unknown
          (2) [✓] a corporation                                (2) [ ] a corporation
          (3) [ ] an unincorporated entity (describe):          (3) [ ] an unincorporated entity (describe):

          (4) [ ] a public entity (describe):                   (4) [ ] a public entity (describe):

          (5) [ ] other (specify):                              (5) [ ] other (specify):

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

COMPLAINT—Contract

Code of Civil Procedure, § 425.12
American LegalNet, Inc.
www.FormsWorkflow.com

PLD-C-00 i

| SHORT TITLE | CASE NUMBER |
|---|---|
| Poland v. Allstate, et al. | |

4    *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff
     (1) [✓] Doe defendants *(specify Doe numbers)*: 1-10 _____ were the agents or employees of the named
       defendants and acted within the scope of that agency or employment
     (2) [ ] Doe defendants *(specify Doe numbers)* _____ are persons whose capacities are unknown to
       plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5    [ ] Plaintiff is required to comply with a claims statute, and
     a  [ ] has complied with applicable claims statutes, or
     b. [ ] is excused from complying because *(specify)*:

6.  [ ] This action is subject to    [ ] Civil Code section 1812 10 [ ] Civil Code section 2984.4.
7.  This court is the proper court because
   a  [✓] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c  [ ] a defendant lives here now.
   d  [ ] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here
   f  [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify)*:

8  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

   [✓] Breach of Contract
   [ ] Common Counts
   [✓] Other *(specify)*:
     Insurance Bad Faith

9.  [ ] Other allegations.

10. Plaintiff prays for judgment for costs of suit, for such relief as is fair, just, and equitable, and for
   a. [✓] damages of: $ 100,000
   b. [✓] interest on the damages
     (1) [✓] according to proof
     (2) [ ] at the rate of *(specify)*:    percent per year from *(date)*:
   c. [✓] attorney's fees
     (1) [ ] of: $
     (2) [✓] according to proof.
   d. [ ] other *(specify)*:

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: December 19, 2007

Russell J. Brubaker, Esq.
_____
    (TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]              COMPLAINT—Contract                          Page 2 of 2

PLD-C-001(1)

| SHORT TITLE | CASE NUMBER |
|---|---|
| Poland v. Allstate, et al. | |

First _____ CAUSE OF ACTION—Breach of Contract
(number)
ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint
(Use a separate cause of action form for each cause of action.)

BC-1. Plaintiff (name):  William and Lynn Poland, William F. and Lynn E. Poland 1994 Trust

   alleges that on or about (date):
   a  [✓] written  [ ] oral  [ ] other (specify):
   agreement was made between (name parties to agreement):
   William and Lynn Poland, William F. and Lynn E. Poland 1994 Trust and Allstate Ins. Co.
   [ ] A copy of the agreement is attached as Exhibit A, or
   [✓] The essential terms of the agreement  [ ] are stated in Attachment BC-1  [✓] are as follows (specify):
   Allstate agreed to provide property casualty insurance for Plaintiffs Tahoe Area house located in
   Carnelian Bay, California.

BC-2. On or about (dates):  March 1, 2007
   defendant breached the agreement by  [ ] the acts specified in Attachment BC-2  [✓] the following acts
   (specify):
   Denying coverage for the water damage loss suffered by Plaintiffs' Carnelian Bay, California
   property

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
   excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
   [ ] as stated in Attachment BC-4  [✓] as follows (specify):
   Approximately $100,000 in cleanup, repair and other damages which have not been reimbursed
   by defendant Allstate pursuant to its insurance policy with Plaintiffs.

BC-5. [ ]  Plaintiff is entitled to attorney fees by an agreement or a statute
         [ ] of $
         [✓] according to proof.
BC-6. [ ]  Other.

Page _____ 3

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) (Rev. January 1, 2007)

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(2)

| SHORT TITLE: Poland v. Allstate, et al. | CASE NUMBER |
|---|---|

Second. _(number)_    CAUSE OF ACTION—General Negligence    Page    4

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

GN-1. Plaintiff _(name)_.  William and Lynn Poland, William F. and Lynn E. Poland 1994 Trust

alleges that defendant _(name)_.  Allstate Ins. Co.

[✓] Does  1 _____ to  10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on _(date)_:  1994
at _(place)_  Alamo, California

_(description of reasons for liability):_

Allstate agent, Dave Pontocorvo, failed to provide Plaintiffs with a copy of any insurance policy covering the Carnelian Bay, California property and failed to point out or alert Plaintiffs to any applicable exclusions in that policy which could affect coverage for the water loss suffered by Plaintiffs, which they discovered on or after December 20, 2006.  This failure constituted a breach of Allstate's and Mr. Pontocorvo's duties to Plaintiffs, and Plaintiffs were injured by that breach.

Form Approved for Optional Use Judicial Council of California PLD-PI-001(2) [Rev. January 1, 2007]    CAUSE OF ACTION—General Negligence    Page 1 of 1
Code of Civil Procedure 425.12
American LegalNet, Inc.

PAGE 10/11 * RCVD AT 3/20/2008 1:20:44 PM [Central Daylight Time] * SVR:CHI2KRF01/16 * DNIS:4781 * CSID:9096126806 * DURATION (mm-ss):02-00

03/20/2008  11:22    9096126806                ALLSTATE ECL                    PAGE  11/11

PLC-PI-001(3)

| SHORT TITLE· | CASE NUMBER |
|---|---|
| Poland v. Allstate, et al. | |

Third _____                CAUSE OF ACTION—Intentional Tort          Page ___5___
___(number)___

ATTACHMENT TO  [✓] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action )*

IT-1. Plaintiff *(name)*:  William and Lynn Poland, William F. and Lynn E. Poland 1994 Trust

alleges that defendant *(name)*:  Allstate Ins. Co.,

[✓] Does  1 _____  to  10 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date)*: December 20, 2006
at *(place)*: Carnelian Bay, California

*(description of reasons for liability).*

Plaintiffs suffered water damage to their Carnelian Bay, California property which they believed was
covered by their property casualty insurance policy based upon their conversations with Allstate's
agent, Dave Pontocorvo, at the time Plaintiffs initially set up their insurance coverage for the
Carnelian Bay property. At the time that Plaintiffs set up their insurance coverage for the Carnelian
Bay property, Dave Pontocorvo, Allstate's agent, failed to disclose, as he was bound to do, that there
were exclusions in the policy which may affect coverage for water damage to the property.
Furthermore, Allstate and its agent never provided a copy of the policy or a list of exclusions to
Plaintiffs. This was done in bad faith, in an effort to induce Plaintiffs to pay for insurance coverage
which did not meet their needs, and which would not cover the damage they ultimately suffered.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION—Intentional Tort

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



1  MICHAEL BARNES (State Bar No. 121314)
   SONIA MARTIN (State Bar No. 191148)
2  CHRISTOPHER WINDLE (State Bar No. 141123)
   SONNENSCHEIN NATH & ROSENTHAL LLP
3  2121 N. California Blvd., Suite 800
   Walnut Creek, California 94596-7342
4  Telephone: (925) 949-2600
   Facsimile: (925) 949-2610
5  Email:    mbarnes@sonnenschein.com
             smartin@sonnenschein.com
6            cwindle@sonnenschein.com

7  Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF CONTRA COSTA

11  WILLIAM and LYNN POLAND,            No. MSC07-02802
    WILLIAM F. and LYNN E. POLAND
12  1994 TRUST,                         ANSWER TO COMPLAINT

13            Plaintiffs,

14     vs.

15  ALLSTATE INSURANCE COMPANY,
    and DOES 1 to 25,

16                                      BY FAX
            Defendants.
17

18

19        Defendant Allstate Insurance Company ("Allstate") answers the Complaint for Breach of

20  Contract and Bad Faith of plaintiffs William Poland and Lynn Poland (the "Complaint") as

21  follows:

22                              **General Denial**

23        Allstate generally denies each and every material allegation in plaintiffs' Complaint

24  pursuant to Code of Civil Procedure section 431.30(d).  Allstate further denies that plaintiffs

25  have sustained any injury, damage, or loss by reason of any conduct, action, error, or omission

26  on the part of Allstate.

27        This answer is filed without prejudice to Allstate's right to file an amended answer or

28  other response, including a Cross-Complaint, after conducting discovery.

                                   -1-
                            ANSWER TO COMPLAINT

*(left margin, vertical)* SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

*(stamp)* FILED
2008 APR 11 P 1: 14
K TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF CONTRA COSTA, CALIF.
BY _____ Deputy Clerk

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

1

2

## AFFIRMATIVE DEFENSES

(Applicable To All Causes of Action)

### First Defense

### (Statute of Limitations)

The Complaint is barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 337(1), 337(2), 338(a)(d), 339, 340, 340.6, and/or 343, and Insurance Code sections 2070 and 2071.

### Second Defense

### (Misrepresentation)

The Complaint is barred, in whole or in part, to the extent they made material misrepresentations in connection with their claim.

### Third Defense

### (Set-Off)

To the extent Allstate is liable to plaintiffs, if at all, Allstate is entitled to a set-off on account of damages sustained by Allstate as a result of plaintiffs' acts, conduct or omissions.

### Fourth Defense

### (Policy Exclusions)

The loss was excluded from coverage under the policy, in whole or in part, by Exclusion 16 under Coverages A and B ( Dwelling Protection and Other Structures Protection) and Exclusion 4 under Coverage C (Personal Property Protection).

### Fifth Defense

### (Speculative Nature of Damages)

Plaintiffs are  not entitled to judgment to the extent their damages claims are speculative

### Sixth Defense

### (Failure to State a Cause of Action)

The Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Allstate.

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

### Seventh Defense

### (Absence of Fault by Allstate)

Plaintiffs have not been injured or damaged in any way or in any manner as a result of any alleged act, conduct or omission of Allstate.

### Eighth Defense

### (Good Faith of Allstate)

Allstate's conduct was at all times reasonable and in good faith, not tortious.

### Ninth Defense

### (Plaintiffs' Claim Raised Genuine Issues)

Plaintiffs should take nothing pursuant to the Complaint because their claims to Allstate raised genuine issues and/or disputes as to Allstate's duties, if any, under the Allstate Deluxe Homeowners Policy at issue in the Complaint (the "Policy"), and Allstate's belief in the validity of these issues and/or disputes was reasonable.

### Tenth Defense

### (Estoppel)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of estoppel.

### Eleventh Defense

### (Waiver)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of waiver.

### Twelfth Defense

### (Laches)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of laches.

///

///

///

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

1

2

### Thirteenth Defense

### (Unclean Hands)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of unclean hands.

### Fourteenth Defense

### (No Coverage for Claimed Losses)

The Complaint, and each and every purported cause of action therein, is barred to the extent that it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss that is not covered by, or is excluded from, coverage under the terms, definitions, exclusions, conditions and limitations of the Policy.

### Fifteenth Defense

### (Mitigation of Damages)

Plaintiffs' recovery against Allstate, if any, is barred and/or limited to the extent plaintiffs have failed to mitigate, minimize or avoid any damages they have allegedly suffered.

### Sixteenth Defense

### (Bad Faith of Plaintiffs)

The Complaint is barred to the extent that plaintiffs themselves have acted in bad faith.

### Seventeenth Defense

### (Failure to State Sufficient Facts)

The Complaint fails to state facts sufficient to entitle plaintiffs to tort damages.

### Eighteenth Defense

### (Failure to Comply With Policy Terms)

The Complaint is barred to the extent the plaintiffs have failed to perform all of their obligations under the Policy, including their duties to cooperate with Allstate in the processing of the claims and to document and substantiate their claimed losses.

///

///

///

-4-

ANSWER TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
2121 N. California Blvd., Suite 800
Walnut Creek, California 94596
(925) 949-2600

**Nineteenth Defense**

**(Policy Limits)**

Plaintiffs' Policy is subject to certain deductibles and coverage limits.  Even if the Policy provided coverage for the alleged loss, that coverage would be subject to the Policy's deductibles and coverage limits.

**Twentieth Defense**

**(Advice of Counsel)**

Allstate's conduct was reasonable because it relied in good faith on the advice of legal counsel, Pollak, Vida & Fisher.

**Twenty-First Defense**

**(Right to Assert Additional Defenses)**

Allstate reserves its right to amend its Answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, Allstate prays for judgment as follows:

1.    That plaintiffs take nothing by way of their Complaint and that the Complaint be dismissed with prejudice;

2.    That judgment be entered in favor of Allstate;

3.    That Allstate be awarded costs and attorneys' fees incurred in this action; and

4.    For such other and further relief as this Court deems just and proper.

Dated: April 11, 2008

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _Sonia Martin (C2r)_
　　　　SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

## PROOF OF SERVICE

1
2          I, Gloria Courtney, hereby declare:

3          I am employed in the City of Walnut Creek, and in the County of Contra Costa,

4  California, in the office of a member of the bar of this court at whose direction the following

5  service was made. I am over the age of eighteen years and not a party to the within action. My

6  business address is Sonnenschein Nath & Rosenthal LLP, 2121 North California Boulevard,

7  Suite 800, Walnut Creek, California 94596.

8          On April 11, 2008, I caused to be served on the interested parties in this action the

9  following document(s):

10                            **ANSWER TO COMPLAINT**

11  by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following

12  the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

13  Russell J. Brubaker, Esq.              Attorney for Plaintiffs
    37 Pacheco Street., #5                 WILLIAM and LYNN POLAND,
14  San Rafael, CA 94591                   WILLIAM F. and LYNN E. POLAND
                                           1994 TRUST
15
    Telephone: (415) 785-8737
16  Facsimile:  (415) 785-8737

17  ☒     U.S. MAIL: I am personally and readily familiar with the business practice of
    Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for
18  mailing with the United States Postal Service, pursuant to which mail placed for collection at
    designated stations in the ordinary course of business is deposited the same day, proper postage
19  prepaid, with the United States Postal Service.

20

21  ☐     FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile
    transmission at the above-listed fax number for the party.
22

23          I declare under penalty of perjury under the laws of the State of California that the

24  foregoing is true and correct, and that this declaration was executed on April 11, 2008, at

25  Walnut Creek, California.

26                                    _____
                                              Gloria Courtney
27

28